**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

PHILLIP GAY,
AIS #109431,

Petitioner,

vs.

RALPH HOOKS, Warden; the ATTORNEY GENERAL FOR THE STATE OF ALABAMA,

Respondents.

CIVIL ACTION NO. 1:07-cv-178-WHA

**ANSWER OF RESPONDENTS**

Come the Respondents, by and through the Attorney General of the State of Alabama, and in response to this Honorable Court's Order to Show Cause why writ of habeas corpus should not be granted state as follows:

1. Phillip Gay attacks his 1988 conviction for first degree robbery and his resulting sentence, as an habitual offender, to life in prison without the possibility of parole rendered in the Coffee County (Enterprise Division) Circuit Court. As understood by Respondents, Gay attacks his conviction and sentence on the ground that his two previous 1972 robbery convictions were void and should not have been used to enhance his sentence as an habitual offender.

2. Respondents admit that Gay is in state custody pursuant to the 1988 conviction and sentence. Respondents deny that Gay is in custody in violation of the laws or Constitution of the United States. Respondents aver that Gay's conviction for first degree robbery and his sentence of life in prison without the possibility of parole are valid and constitutional.

3. Respondents specifically deny each and every material allegation of the petition and demand strict proof thereof.

4. Respondents aver that Gay's petition should be denied and dismissed with prejudice as it was untimely filed beyond the statute of limitation of 28 U.S.C. § 2244(d)(1).

## PROCEDURAL HISTORY

5. After a jury convicted Gay of first degree robbery, he was sentenced on March 1, 1988 to life in prison without parole. He appealed his conviction to the Alabama Court of Criminal Appeals. His conviction and sentence were affirmed by published opinion on February 23, 1990. See Gay v. State, 562 So. 2d 283 (Ala. Crim. App. 1990).

6. Gay subsequently filed a post-conviction petition under Rule 32, Alabama Rules of Criminal Procedure, that was denied by the circuit court. He appealed the denial of his post-conviction petition to the Alabama Court of

Criminal Appeals in case CR-91-242. The Alabama Court of Criminal Appeals twice remanded his case to the circuit court before affirming the denial by memorandum opinion on May 28, 1993. See Gay v. State, 624 So. 2d 1389 (Ala. Crim. App. 1992); Gay v. State, 624 So. 2d 1390, 1391 (f.n.) (Ala. Crim. App. 1993); and Gay v. State, 636 So. 2d 485 (Ala. Crim. App. 1993)[table].

7. Since this time, the only litigation Gay has pursued in the state courts directly addressing his 1988 conviction has been several petitions for discretionary reconsideration of his sentence of life in prison without parole based on 2000 and 2001 amendments to the Alabama Habitual Felony Offender Act. See Ala. Code § 13A-5-9.1, and Kirby v. State, 899 So. 2d 968 (Ala. 2004). Two of Gay's unsuccessful attempts to have his sentence reconsidered have been appealed by him and rejected by the Alabama Court of Criminal Appeals. See Memorandum Opinions in Gay v. State, CR-04-1143 (Ala. Crim. App. Jul. 15, 2005), and Gay v. State, CR-05-2296 (Ala. Crim. App. Dec. 1, 2006). (Exhibits A and B)

## STATUTE OF LIMITATION

8. Title 28 U.S.C. § 2244(d)(1) provides for a one-year period of limitation for timely filing a petition for writ of habeas corpus. The one-year period of limitation is tolled during the pendency of any state post-conviction proceedings challenging the convictions. 28 U.S.C. § 2244(d)(2).

9. Gay's conviction became final on direct appeal in 1990, years before the effective date of the habeas corpus statute of limitation on April 24, 1996. The statute of limitation for Gay to timely file a petition for writ of habeas corpus expired on April 23, 1997, one year after the effective date. Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998).

10. Gay's post-conviction Rule 32 petition actually challenging this conviction was final in 1993, also before the effective date of the federal habeas corpus statute of limitation. Gay v. State, 624 So. 2d 1389 (Ala. Crim. App. 1992); Gay v. State, 624 So. 2d 1390, 1391 (f.n.) (Ala. Crim. App. 1993); and Gay v. State, 636 So. 2d 485 (Ala. Crim. App. 1993)[table].

11. Gay filed requests in 2004 and 2005 for discretionary reconsideration of his sentence. These type petitions do not challenge the legal validity of a conviction or sentence; rather, they retroactively allow a trial judge to reconsider a previously mandatory sentence of life in prison without parole by retroactive application of amendments passed by the Alabama Legislature in 2000 and 2001. See Ala. Code § 13A-5-9.1 and Kirby v. State, 899 So. 2d 968 (Ala. 2004). Because these petitions are not of a type that actually addresses the conviction being challenged, they do not toll the statute of limitation. Even if they were, they were filed long after the statute of limitation had expired for Gay to timely file a

petition for writ of habeas corpus. See Tinker v. Moore, 255 F.3d 1331, 133-1334 (11th Cir. 2001); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

12. The statute of limitation expired for Gay to timely file a petition for writ of habeas corpus in April 1997. This Court deemed Gay's petition filed on February 16, 2007. (See Court's Order to Show Cause, p. 1) No state post-conviction proceeding properly filed by Gay tolled the running of the statute of limitation, and Gay has made no showing of any basis to excuse his failure to timely file his petition with this Court. Gay's petition was filed nearly ten years after the statute of limitation expired. Gay's petition is barred by the statute of limitation.

**EXHIBITS**

Exhibit A - Alabama Court of Criminal Appeals' Memorandum Opinion denying Gay's request to reconsider his sentence, case CR-04-1143

Exhibit B - Alabama Court of Criminal Appeals' Memorandum Opinion denying Gay's request to reconsider his sentence, case CR-05-2296

## CONCLUSION

Phillip Gay's petition for writ of habeas corpus was filed nearly ten years beyond the expiration of the applicable statute of limitation of 28 U.S.C. § 2244(d)(1). Gay offers no reason to excuse his untimely filing. Respondents assert that Gay's petition for writ of habeas corpus should be denied and dismissed with prejudice.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

/s/ Andy S Poole
Andy S. Poole (POO011)
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2007, I electronically filed the foregoing Answer (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing (including exhibits) to the following non-CM/ECF participants: Phillip Gay, AIS #109431, St. Clair Correctional Facility, 1000 St. Clair Road, Springville, Alabama 35146.

/s/Andy S. Poole
Andy S. Poole (POO011)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: apoole@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division78311/
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
257944/106196-001

Poole 78624

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

RELEASED
JUL 15 2005
CLERK
ALA COURT CRIMINAL APPEALS

**H.W."BUCKY" McMILLAN**
**Presiding Judge**
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
**Judges**

**Lane W. Mann**
**Clerk**
**Sonja McKnight**
**Assistant Clerk**
**(334) 242-4590**
**Fax (334) 242-4689**

**MEMORANDUM**

CR-04-1143 Coffee (Enterprise) Circuit Court CC-87-103A

Phillip Gay v. State of Alabama

Baschab, Judge.

The appellant was convicted of first-degree robbery. On or about March 1, 1988, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See §13A-5-9(c)(3), Ala. Code 1975. On December 22, 2004, the appellant filed a petition for sentence modification pursuant to §13A-5-9.1, Ala. Code 1975. The circuit court summarily denied the petition, and this appeal followed.

The appellant argues that the circuit court did not have jurisdiction to rule on his petition. Specifically, he contends that "the judge who ruled on the petition, Judge Robert W. Barr, was not the judge who sentenced [him] nor is

PENGAD-Bayonne, N.J
EXHIBIT
A

he the presiding judge of the circuit." (Appellant's brief at p. 2.) Because Judge Gary McAliley, who sentenced the appellant, is no longer a judge, the appellant's petition was assigned to Judge Barr. Contrary to the appellant's assertion, Judge Barr is the presiding judge for the circuit.[1] Therefore, Judge Barr did have jurisdiction to rule on the appellant's petition. See Kirby v. State, 899 So. 2d 968 (Ala. 2004); Burl v. State, [Ms. CR-03-0542, October 29, 2004] ___ So. 2d ___ (Ala. Crim. App. 2004); Dailey v. Alabama Board of Pardons and Paroles, [Ms. CR-03-0890, October 29, 2004] ___ So. 2d ___ (Ala. Crim. App. 2004); Burns v. State, [Ms. CR-03-1443, October 29, 2004] ___ So. 2d ___ (Ala. Crim. App. 2004); Malloy v. State, [Ms. CR-03-1033, October 29, 2004] ___ So. 2d ___ (Ala. Crim. App. 2004). Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.

---

[1]This court can take judicial notice of the identity of the presiding judge in a specific circuit, see Ex parte Bush, 270 Ala. 62, 116 So. 2d 382 (1959), and our clerk's office has confirmed that Judge Barr is the presiding judge for the circuit.

rel12/01/2006
Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala. R. App. P. Rule 54(d) states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

**H.W."BUCKY" McMILLAN**
**Presiding Judge**
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
**Judges**

**Lane W. Mann**
**Clerk**
**Gerri Robinson**
**Assistant Clerk**
**(334) 242-4590**
**Fax (334) 242-4689**

**MEMORANDUM**

CR-05-2296 Coffee (Enterprise) Circuit Court CC-87-103A

Phillip Gay v. State of Alabama

Baschab, Judge.

The appellant was convicted of first-degree robbery. On or about March 1, 1988, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See §13A-5-9(c)(3), Ala. Code 1975. On July 5, 2006, the appellant filed what is, in essence, a motion for sentence modification pursuant to §13A-5-9.1, Ala. Code 1975. The circuit court summarily denied the motion, and this appeal followed.

The record indicates that this is at least the second §13A-5-9.1 motion the appellant has filed requesting reconsideration of his sentence. In Wells v. State, [Ms. CR-04-2173, October 28, 2005] ___ So. 2d ___, ___ (Ala. Crim.



App. 2005), this court held:
> "[O]nce a circuit court has considered one motion for reconsideration of sentence filed by a defendant in a particular case, the defendant's rights with regard to that case will have been sufficiently safeguarded. Thereafter, the circuit court will not have jurisdiction to consider any second or successive motions for reconsideration filed by that defendant in that particular case. Instead, it should summarily deny any such motion."

In this case, the circuit court did not have jurisdiction to consider the appellant's current §13A-5-9.1 motion. Because it could have properly summarily denied the motion on this ground, we affirm the circuit court's judgment. See Sumlin v. State, 710 So. 2d 941 (Ala. Crim. App. 1998) (noting that we will affirm a circuit court's denial of a Rule 32 petition if it is correct for any reason); Kilgore v. State, 643 So. 2d 1015, 1018 (Ala. Crim. App. 1993) (noting that "we will affirm a lower court if the court's ruling is correct for any reason, even if the lower court based its ruling on a wrong reason").

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.