IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP GAY, #109431, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 1:07-CV-178-WHA |
| | ) |
| RALPH HOOKS, et al., | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

This cause is before the court on an amended 28 U.S.C. § 2254 petition for habeas corpus relief filed by Phillip Gay ["Gay"], a state inmate, on February 16, 2007.[1] In this petition, Gay challenges the life without parole sentence imposed upon him by the Circuit Court of Coffee County, Alabama for a March 1, 1988 first degree robbery conviction. This conviction became final by operation of law in March of 1990.

In accordance with the orders of this court, the respondents filed an answer in which they argue that the petition for habeas corpus relief is barred by the limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1), as Gay failed to file

---

[1] The Court deems the amended petition "filed" on February 16, 2007 - the date Gay initiated this cause of action by signing his initial petition. A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Gay] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of this proceeding, the court considers February 16, 2007 as the date of filing for Gay's amended petition.

the petition within the one-year "grace period" allowed in this Circuit.[2] Specifically, the governing case law establishes that because Gay's robbery conviction became final in 1990, well before the effective date of the AEDPA, he had until April 24, 1997 in which to file a § 2254 petition as he filed no state post-conviction petition challenging his convictions after the date of enactment of the AEDPA which is date on which the limitation period began to run. *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). Although subsequent to his robbery conviction Gay filed a state post-conviction action which remained pending in the state courts until June of 1993, this action had no impact on the running of the federal limitation period as it was filed and adjudicated by the state courts prior to April 24, 1996 -- the date of the AEDPA's enactment.

Upon review of the pleadings and evidentiary materials filed in this case, it is clear that Gay failed to file the instant § 2254 petition within the time allowed by the law of this Circuit. Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. The Circuit Court of Coffee County entered the life without parole sentence for the robbery conviction upon Gay on March 1, 1988. Gay filed a direct appeal and the Alabama Court of Criminal Appeals affirmed his conviction and

---

[2]The Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") added the limitation period and became effective on April 24, 1996.

sentence on February 23, 1990. *Gay v. State*, 562 So.2d 283 (Ala.Cr.App. 1990). Gay did not further appeal his conviction and, by operation of law, his robbery conviction and attendant sentence became final on March 9, 1990 -- fourteen (14) days from entry of the appellate court's decision affirming his conviction.[3] Gay's robbery conviction therefore became final prior to enactment of the AEDPA.

If this court retroactively applied the AEDPA, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Gay's several years before passage of the AEDPA. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Gay], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further determined that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to

---

[3] Since the petitioner failed to seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking direct review of the 1988 robbery conviction therefore lapsed upon expiration of the time for filing an application for rehearing with the Alabama Court of Criminal Appeals -- fourteen (14) days from the entry of the decision affirming his robbery conviction. Rule 40, *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).

file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date." *Id*.

As previously noted, Gay's robbery conviction became final on March 9, 1990. The state post-conviction action filed by Gay challenging his robbery conviction was filed and dismissed prior to adoption of the limitation period. Consequently, the tolling provision provided in § 2244(d)(2) is unavailing. The limitation period applicable to Gay's robbery conviction therefore began to run on April 24, 1996 and ran uninterrupted until it expired on April 24, 1997. Gay filed the instant habeas petition February 16, 2007. Under the circumstances of this case as outlined in this order, the reasonable time period afforded Gay under *Goodman* and *Wilcox* to file a federal habeas petition expired over nine (9) years prior to Gay filing this federal habeas petition. Accordingly, it is

ORDERED that on before May 7 , 2007 Gay shall show cause why this petition for federal habeas corpus relief should not be dismissed as it was not filed within the requisite reasonable time period after enactment of the AEDPA.

Done this 17th day of April, 2007.

        /s/ Wallace Capel, Jr.
        WALLACE CAPEL, JR.
        UNITED STATES MAGISTRATE JUDGE