UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

PHILLIP GAY,
Petitioner,

vs.

RALPH HOOKS, Warden; et al.,
Respondents.

Civil Action No.
1:07-cv-178-WHA

RECEIVED
2007 MAY -1 A 9:45

## PETITIONER'S RESPONSE TO RESPONDENT'S ANSWER & MOTION TO DISMISS

Comes now the Petitioner, Phillip Gay, pro se and enters his Response to "Respondent's Answer and Motion to Dismiss", dated April 16, 2007, in the above-styled cause; and states the following:

1. The respondents correctly states the petitioner's claims as presented in the "amended" §2254 habeas corpus petition. (Answer of Respondents, p.1, Item #1; hereafter referred to as "AR").

2. The respondents' denial(s) are nothing more than "general-denials" of the grounds presented for habeas corpus relief, and as such is insufficient basis for summary disposition warranting that an evidentiary hearing be conducted on the petition. (AR.2, Items #2 and #3).

3. The respondents' allegation, that the petition should be denied and dismissed with prejudice as it was untimely filed beyond the statute of limitation of 28 USC §2244(d)(1), is erroneous as a matter of record, facts and established. (AR.2, Item #4).

4. The respondents' statement of the procedural history of the case, is basically correct. (AR.2-3, Items #5-7).

5. The respondents' reliance on defense, of statute of limitation having expired for the petitioner to timely file a §2254 habeas corpus

(cont.):

5: petition, is erroneous as a matter of record, fact and established law and fails to recognize "that Section 13A-5-9.1 of Alabama Criminal Code (Acts 2001) is a newly enacted post-conviction remedy with the mandatory requirements [that the Sentencing Judge or Presiding Judge, in reviewing an application for reconsideration of sentence, must consider the defendant's prior convictions in determining whether the defendant is a 'non-violent' or 'violent' offender]." Accord, Kirby v. State, 899 So.2d 968 (Ala. 2004).

Consequently, because a §13A-5-9.1 motion for reconsideration of sentence specifically addresses the prior convictions that was used to enhance sentence as habitual felony offender, the §13A-5-9.1 motion tolls the statute of limitations. Cf., Jones v. Arkansas (CA8, 1991) 929 F.2d 375, 381, n.16. In the instant case, the petitioner alleges and shows "that he is actually innocent of the sentence of Life without Parole under the habitual offender statute where §13A-5-9(c)(3)(Acts 1980) did not apply." Accord, Jones v. Ark., 929 F.2d at 381.

The State Appellate Court decision was decided on December 1, 2006. (See: Respondent's Exh. B). The petitioner's §2254 habeas corpus petition was filed on February 16, 2007, clearly within the one-year limitation period of §2244(d)(1).

6. The respondents, in their response, makes "no" rebuttal of the petitioner's claims "that the prior convictions relied upon, to enhance sentence to Life without Parole, are unconstitutional under statutory law, null and void and invalid for use in any judicial proceeding." (Habeas Corpus Petition, p. 5, Grounds one). In, Peoples v. State, 375 So.2d 561, 562 (Ala.Crim.App. 1979), the Alabama Court of Criminal Appeals held: "Where the alleged crime occurred prior to the effective date of Code of Alabama 1975 (October 30, 1977), it was proper for the question of guilt and punishment to be determined by the jury in accordance with Code Ala. 1940, Title 14 - Section 415 (Robbery) and not by §13-3-110 of the A75 Code,

(cont., next page)

2

(cont.):

6. (cont.) — whereby the Court fixes punishment." Also see: Hicks v. Oklahoma, 447 U.S. 343, 65 L.Ed. 2d 175 (1980)(holding "A criminal defendant's interest in the exercise of a trial jury's discretion to impose criminal punishment in accordance with State law is not merely a matter of state procedural law; in such a case the defendant has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, and such liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State"). No less should these exact same principles of law be applied to the petitioner's case.

Habeas Corpus relief is clearly warranted in the petitioner's case.

WHEREFORE, premises considered, Petitioner respectfully moves the District Court to: 1) DENY the respondent's motion to dismiss, 2) ISSUE Order to the respondents "to provide proof that the prior convictions resulted from a jury's determination of guilt and imposition of punishment as required under Code of Ala. 1940, Title 14-Section 415; Accord, Peoples v. State, 375 So.2d at 562," or 3) in the alternative, Proceed to GRANT the habeas corpus petition on the basis of the record before the habeas court.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon respondents, on this the 30th day of April, 2007; by depositing in the U.S. Mail, postage prepaid, correctly addressed to:

Office of the Attorney General
Criminal Appeals Division 7831V
11 South Union Street
Montgomery, Alabama 36130-0152

_/s/ Phillip Gay_
PHILLIP GAY

Submitted by:

_/s/ Phillip Gay_
PHILLIP GAY
Petitioner Pro Se
AIS NO. 109431
St. Clair Correctional Facility
1000 St. Clair Road
Springville, Alabama
35146-5582

3

1- First mail

Phillip Gay #109431
J-16-2A
1000 St. Clair Road
Springville, AL 35146-5582

Clerk, United States District Court
Federal Courthouse [1:07-cv-178-WHA]
P.O. Box 711
Montgomery, AL 36101-0711

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.