IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHILLIP GAY, <br> AIS #109431, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | |
| vs. | ) <br> ) | CIVIL ACTION NO. <br> 1:07-cv-178-WHA |
| | ) <br> ) | |
| RALPH HOOKS, Warden; the <br> ATTORNEY GENERAL FOR <br> THE STATE OF ALABAMA, | ) <br> ) <br> ) <br> ) | |
| Respondents. | ) | |

**SUPPLEMENTAL ANSWER OF RESPONDENTS**

Come the Respondents, by and through the Attorney General of the State of Alabama, and in response to this Honorable Court's Order that Respondents file a supplement to their Answer (Doc. 14) state as follows:

1. This Court directed Respondents to "file a supplement to their answer which advises the court of the date on which the petitioner filed his Rule 32 petition with the Circuit Court of Coffee County, Alabama." (Doc. 14) In response, Respondents advise the Court that Gay's Rule 32 petition challenging his 1988 robbery conviction was signed by him on June 4, 1991; was filed by the Circuit Clerk on June 12, 1991; and was denied by the Coffee County Circuit

Court on July 1, 1991. Respondents attach as Exhibit "C" a copy of Gay's petition, and as Exhibit "D" an excerpt from the case action summary from the Coffee County Circuit Court.

2. As noted by Respondents in their original Answer (Doc. 12), Gay appealed the denial of his post-conviction petition in this case to the Alabama Court of Criminal Appeals in case CR-91-242. After twice remanding the case to the circuit court, the Alabama Court of Criminal Appeals affirmed the circuit court's denial by memorandum opinion on May 28, 1993. See Gay v. State, 624 So. 2d 1389 (Ala. Crim. App. 1992); Gay v. State, 624 So. 2d 1390, 1391 (fn) (Ala. Crim. App. 1993); and Gay v. State, 636 So. 2d 484 (Ala. Crim. App. 1993)[table].

        Respectfully submitted,

        Troy King (KIN047)
        *Attorney General*
        By:

        /s/ Andy S Poole
        Andy S. Poole (POO011)
        *Assistant Attorney General*

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2007, I electronically filed the foregoing Answer (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing (including exhibits) to the following non-CM/ECF participants:  Phillip L. Gay, AIS #109431, St. Clair Correctional Facility, 1000 St. Clair Road, Springville, Alabama  35146.

/s/Andy S. Poole
Andy S. Poole (POO011)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  apoole@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division 78311/
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
264236/106196-001

```
PHILLIP GAY,                  ( IN THE CIRCUIT COURT OF COFFEE COUNTY
                              ( ENTERPRISE-DIVISION
        PETITIONER,           (
                              (
VS.                           ( CASE NO.  CC-87-103
                              (
STATE OF ALABAMA,             (
                              (
        RESPONDENT,            (
                              (
```

PETITIONER'S GROUNDS OF PETITION

COMES NOW THE ABOVE STYLE PETITIONER (PHILLIP GAY) AND DOES SO RESPECTFULLY MOVES THIS HONORABLE COURT TO ADOPT THE FOLLOWING GROUNDS IN SUPPORT OF HIS RULE #32 PETITION AND AVERS THE FOLLOWING IN SUPPORT OF SAME.

(A) THE CONSTITUTION OF THE UNITED STATES OR OF THE STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW SENTENCE HEARING OR OTHER RELIEF.

(4). CONVICTION OBTAINED BY USE OF EVIDENCE PURSUANT TO AN UNLAWFUL

PETITIONER AVERS THAT HIS ARREST WAS WITHOUT PROBABLE CAUSE AND THAT HE WAS NO WHERE NEAR THE SCENE OF THE CRIME, AND THAT THE AUTHORITIES WENT OUTSIDE THERE BOUNDARIES WHEN THEY CAME TO ARREST THE DEFENDANT, WHICH TOOK PLACE NOT IN THE BOUNDARIES OF THE ALLEDGED CRIME, STATE, OR COUNTY. AND ALL EVIDENCE USED AT THE DEFENDANT'S TRIAL SHOULD HAVE BEEN VOID AS IT WAS NOT THE TYPE OF EVIDENCE THAT SHOULD HAVE BEEN USED.

(6). CONVICTION OBTAINED BY THE UN CONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE TO THE DEFENDANT EVIDENCE FAVORABLE TO THE DEFENDANT:

PETITIONER AVERS THAT THE PROSECUTOR WILLFULLY WITHHELD USEFUL EVIDENCE NEEDED BY THIS PETITIONER AT HIS TRIAL AND SENTENCEING AND WAS THEREFORE WITHHELD BY THE STATE, THE PETITIONER'S FACTS ARE NOT DISPUTED BY THE RECORD, NEVERTHELESS THE PETITIONER WAS AT LIBERTY TO PREVAIL ON THIS ISSUE AT HIS SENTENCING PHASE AS IT WAS CLEAR THEN AS IT IS NOW THE EVIDENCE WILL SHOW THAT THE PETITIONER'S ALLEGATIONS ARE WITH MERIT IN ACCORD WITH OTHERS AND NOT JUST HERESAY ON PETITIONER'S PART.

A WILLFUL WITHHOLD OF HIS WITNESS GIVEN PETITIONER AT HIS TRIAL WAS IN VIOLATION AS THE STATE MADE A BAD FAITH TACTIC TO WILLFULLY WITHHOLD THE PETITIONER'S WITNESSES FROM THUS COMMING FORTH, AS THE ONE WITNESS THAT WAS IN ROUTE TO THE TRIAL WAS ILLEGALLY DETAINED ON A STRATIGY OF THE DISTRICT ATTORNEYS OFFICE TO KEEP THAT WITNESS FROM MAKING IT ON TIME TO TESTIFY AT PETITIONER'S TRIAL.

(9) DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL:

PETITIONER AVERS THAT HIS COURT APPOINTED COUNSEL WAS GROSSLY INEFFECTIVE AT TRIAL AND HIS COURT APPOINTED COUNSEL WAS ALSO GROSSLY INEFFECTIVE ON THE APPELLATE LEVEL, SUCH AS WAS TO RENDER THE PETITIONER'S TRIAL UNCONSTITUTIONAL AND ALSO HIS SENTENCE HEARING, AS SUCH AS TO RENDER THE PETITIONER'S FUNDAMENTAL OVERAL LITIGATION BY HIS TRIAL COUNSEL AND HIS APPELLATE COUNSEL, TO THE FACT THAT THIS PETITIONER'S TRIAL WAS A SHEAR MOCKERY OF THIS HONORABLE COURT'S INTELLIGENCE.

(B). THE COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGEMENT OR TO IMPOSE THE SENTENCE.

THE PETITIONER WAS AT THIS STAGE CONFUSED AS THIS HONORABLE COURT WASN'T WITH JURISDICTION TO SENTENCE THIS PETITIONER AS THE PETITIONER'S PRYOR CONVICTIONS WERE NOT PROVED AT THIS STAGE BUT ONLY PROVED THAT HE DID IN FACT HAVE PRYOR FELONY CONVICTIONS, BUT THERE WAS NO CERTIFIED PROOF OF PAST CONVICTIONS, AND TO PLACE THE PETITIONER TO THOSE PAST CRIMES WAS EVEN FURTHUR ERROR, IT IS WELL SETTLED IN ALABAMA THAT A PAST PRYOR CONVICTION MUST BE PROVED BY A CERTIFIED COPY OF THE PAST PRYOR CONVICTIONS, WHETHER THE PETITIONER WAS WITH COUNSEL AND WHAT THE SENTENCE WAS, THE RECORD DOES SHOW HOWEVER THAT THE PETITIONER HAD PAST PRYOR CONVICTIONS, AND TO THE SECOND ISSUE, THE PETITIONER'S PAST PRYOR CONVICTIONS THREE (3) WERE AS IT SEEMED TO BE "YOUTHFULL OFFENDER TREATMENT" IT IS VERY MUCH CLEAR THAT THE PETITIONER'S PRYOR CONVICTIONS, HIS YOUTHFULL OFFENDER TRETMENT SHOULD HAVE RAISED AT HIS SENTENCE HEARING YET IT WASN'T THEREFORE IT IS NOT SETTLED WHETHER THE PETITIONER WAS IN FACT A YOUTHFULL OFFENDER IF SO THEN THE SENTENCE MUST BE VACATED AND THE PETITIONER RE-SENTENCED.

(C). THE SENTENCE IMPOSED EXCEEDS THE MAXIMUM AUTHORIZED BY LAW OR IS OTHERWISE NOT AUTHORIZED BY LAW:

THE PETITIONER AVERS THAT IT IS PLAIN THAT THIS GROUND IS A CARBON COPY OF THE GROUND IN (B) AS THE PETITIONER AVERS THAT HIS SENTENCE OF LIFE WITHOUT PAROLE IS ENTIRELY A PRODUCT OF A ILLEGAL SENTENCE AS PETITIONER'S PRYOR CONVICTIONS OF HIS GUILTY PLEAS IN TUSCALOOSA COUNTY ALABAMA AS WELL AS HIS OTHER PRYOR CONVICTIONS ALL GUILTY PLAES WERE ILLEGALLY USED TO INHANCE HIS PRESENT SENTENCE OF LIFE WITHOUT PAROLE IT IS FROM THIS THAT THIS PETITIONER SEEKS TO ESTABLISH THE PRESENT TENCE. ALSO THE PETITIONER'S GUILTY PLEAS FROM THE TUSCALOOSA COUNTY CIRCUIT COURT ARE NOW UNDER ATTACK, AND THIS PETITIONER IS AT PRESENT IN ROUTE TO SETTLE THIS IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA, IF HE IS SUCCESFULL THEN THIS SENTENCE IN COFFEE COUNTY ENTERPRISE-DIVISION MUST BE VACATED WITHOUT THE SLIGHTEST REMORSE.

(E) NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH REQUIRE THAT THE CONVICTION OR SENTENCE BE VACATED BY THE COURT, BECAUSE

IF THE FACTS HAD BEEN KNOWN AT THE TIME OF TRIAL OR SENTENCING THE RESULT WOULD PROBABLY HAVE BEEN DIFFERENT: AND :

THE PETITIONER AVERS THAT HIS SENTENCE RECEIVED IN THIS CASE IS DUE TO BE VACATED BECAUSE THROUGH A SHEAR MIRACLE OF GOD THIS PETITIONER HAS BEEN ABLE TO HAVE THE OPPERTUNITY TO HAVE A LAWYER FROM THE GREAT STATE OF OHIO, TO RESEARCH WITH HIM AND HAVE BEEN ABLE TO PROVE THAT HIS PRYOR CONVICTIONS IN TUSCALOOSA COUNTY ARE DO TO BE VACATED IF THIS IS CORRECT THEN THEN THE PETITIONER'S SENTENCE OF LIFE WITHOUT PAROLE IN THIS COUNTY OF COFFEE COUNTY IS DUE TO BE VACATED ALSO, AS IT HAS BEEN PROVEN BY THE TUSCALOOSA COUNTY CIRCUIT COURT THAT HIS PRYOR GUILTY PLEAS WERE SUBJECT TO ILLEGALLY GIVEN GUILTY PLEAS, AND ALSO THAT THE ENTIRE CASES IN CC-72-2020-B/CC-72-2021-B/CC-72-2022-B/ARE DUE TO BE VACATED AS THESE PRYOR GUILTY PLEAS WERE PRODUCTS OF ILLEGALLY ARRIVED AT GUILTY PLEAS THUS GIVING PLAY TO ILLEGALLY USED IN THE COFFEE COUNTY CIRCUIT COURT IN CC-87-103 AS THEY ARE NOW PRODUCTS OF ILLEGALLY GIVEN AND ARE DUE TO BE VACATED ALSO, THIS PETITIONER AVERS THAT UNDER THE PRESENT SITUATION THE COFFEE COUNTY CIRCUIT COURT MUST

HOLD AND EVIDENTIARY HEARING ON THE PETITIONER'S ALLEGATIONS OF A ILLEGAL SENTENCE, AS THE PETITIONER HAS AS TOP RATE EVIDENCE AND NEWLY DISCOVERD EVIDENCE THAT HIS SENTENCE IN COFFEE COUNTY ENTERPRISE-DIVISION MAY BE A PRODUCT OF A ILLEGAL SENTENCE, THUS MAKING IT UN CONSTITUTIONAL TO CONTINUE THIS PETITIONER UNDER HIS PRESENT SENTENCE, WHEN THE CIRCUIT COURT OF TUSCALOOSA COUNTY HAS GIVEN THIS PETITIONER A EVIDENTIARY HEARING TO DETERMINE WHETHER OR NOT HIS SENTENCE IN THE CC-72-2020-B/CC-72-2021-B/CC-72-2022-B WERE ILLEGALLY ARRIVED AT IF SO THEN THIS HONORABLE COURT IS BOUND BY THE LAW TO GIVE THIS PETITIONER A EVIDENTIARY HEARING ALSO IN ORDER TO THE PETITIONER TO PREVAIL OF HIS CLAIMS, AND ALSO TO RE-SENTENCE THIS PETITIONER ACCORDINGLY TO THE STATUE. IF NOT THEN THIS HONORABLE COURT IS IN VIOLATION OF THIS PETITIONER'S RIGHTS SECURED HIM UNDER THE UNITED STATES CONSTITUTION.

THE FACTS ESTABLISH THAT PETITIONER IS INNOCENT OF THE CRIME FOR WHICH HE WAS CONVICTED OR SHOULD NOT HAVE RECEIVED THE SENTENCE THAT HE DID

PETITIONER AVERS FINALLY THAT DUE TO THE ABOVE CITATION AND GROUND THIS PETITIONER SHOULD NOT HAVE RECEIVED THE SENTENCE THAT HE DID AND ALSO THIS PETITIONER SHOULD BE RE-SENTENCED ACCORDING TO THE STATUE UNDER 13A-5-9 ALABAMA HABITUAL FELONY OFFENDER ACT (1975): FINALLY THIS PETITIONER AVERS THAT HE IS A PRODUCT OF INJUSTICE AND DESERVES TO BE RESENTENCED AS HIS CURRENT SENTENCE IS ILLEGAL AND UN CONSTITUTIONAL AS IT IS AND IS DUE TO BE RECONNED WITH AT THE STATE COURT LEVEL FOR IF THIS PETITIONER IS FORCED TO PREVAIL ON HIS CLAIMS IN A HIGHER COURT THEN HE WILL ATTACK BOTH HIS LEGAL-CIVIL RIGHTS AS WELL AS HIS LEGAL-CRIMINAL RIGHTS.

DONE THIS THE 4 DAY OF June 1991

RESPECTFULLY SUBMITTED

*Phillip Gay*
Phillip Gay
Pro' Se
AIS# 109431
100 Warrior Lane
Bessemer, Alabama
35023-7299

CC- Defendan'ts File

| | State of Alabama<br>Unified Judicial System<br>Form C-7 Rev. 2/79 | **CASE ACTION SUMMARY**<br>**CONTINUATION** | Case Number<br>CC 87 103.1 |
|---|---|---|---|

Style: Phillip Gay

Page Number ___ of ___ Page

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 8/29/89 | The Defendant's "MOTION" is granted. The court reporter is ordered to supplement the record in this case with the testimony of the individuals listed in said "MOTION" as the court's personal notes reflect these witnesses in fact testified. If a supplemental record is not provided by the court reporter, Marsha Stephen within thirty days of this date, the Defendant's attorney is requested to notify this court and additional court action will be taken. This order and Defendants motion are to be provided Marsha Stephen by certified mail, return receipt requested. /s/ Judge |
| 8-30-89 | Copy of order sent to DA & Marsha Stephen. A copy of the motion was also sent to Marsha Stephen by certified mail. |
| 9/1/89 | The 8/29/89 entry is set aside and a substitute typed "order" is entered. [illegible] |
| 8-11-89 | Motion for New Trial |
| 6-12-91 | Rule 32 Petition filed. |
| 7/1/91 | Phillip Gay's Rule 32, Petition For Relief From Conviction or Sentence IS AT THIS TIME Denied as:<br>1.) Defendant Raises matters that were not but<br>(over) |

| Date | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| | could have been raised prior to or at trial or on appeal but were not; 2.) general allegations not supported by specific facts; 3.) the court did have jurisdiction to render its judgment and the sentence of the Court; 4.) No Youthful Offender conviction was used to enhance sentence pursuant to the Habitual Felony Offender Statute and 5.) The Sentence was authorized by Alabama law with only proper, prior felony convictions being used for enhancement of sentence. However, the Court will reconsider granting Defendant's Petition and will set a new hearing to determine sentence, if the Tuscaloosa County Circuit Court sentences are set aside. All other relief requested but not ruled on herein is hereby denied. /s/ Gary McAliley, Judge |
| copies to D.A. | |
| 7/22/91 | The Court having Reviewed the letter of Defendant dated July 18, 1991 does order that the above order dated 7/1/91 shall remain in full force and effect. /s/ Gary McAliley, Judge |